RADER, Circuit Judge,
dissenting.
Just a year ago, this court confronted the question of the proper test for causation in contract damages cases. Cal. Fed. Bank v. United States, 395 F.3d 1263 (Fed.Cir.2005). This court chose between the “inevitably and naturally” standard of Myerle v. U.S., 33 Ct.Cl. 1 (1897) and the “substantial factor” standard. Id. at 1267. The Court of Federal Claims had adopted the Myerle standard. Cal Fed advocated the “substantial factor” standard for causation of lost profits. After acknowledging some dissonance in the case law on this question, this court ruled: “Thus, the Court of Federal Claims correctly rejected the ‘substantial factor’ test advocated by CalFed. ” Id. at 1268. Thus, I would follow this court’s recent 2005 ruling that Myerle set forth the proper test for causation.
In Cal. Fed, this court clarified the role of other causative factors:
That is not to say that the breach must be the sole factor or sole cause in the loss of profits. The existence of other factors operating in confluence with the breach will not necessarily preclude recovery based on the breach. However, lost profits are “a measurement of what a party would have received absent the breaching party’s action,” i.e., those losses that would not have occurred but for the breach. The inability to prove by a preponderance of the evidence that profits would have been made but for the breach will therefore preclude recovery on a lost profits theory.
Id. (citations omitted). These principles govern in this case as well.
In this case, the Court of Federal Claims forthrightly stated that the choice of causation standards controls the outcome of the case. 59 Fed.Cl. 507, 514 (2004) (“The answer to this legal question depends on the standard used to determine if there was a causal link between the breach and the exchange.”). Because the trial court chose the rejected “substantial factor” test instead of the Myerle test for causation, would remand for application of the correct standard for causation.
Opinion for the court filed by Senior Judge FRIEDMAN, in which Circuit Judge NEWMAN joins. Dissenting opinion filed by Circuit Judge RADER.